```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
YOVANNY DOMINGUEZ and on behalf of all                       :    19 Civ. 10172 (LGS)
other persons similarly situated,                            :
                                                             :    **OPINION AND ORDER**
                                             Plaintiff,      :
                                                             :
                    -against-                                :
                                                             :
TACO BELL CORP.,                                             :
                                           Defendant.        :
------------------------------------------------------------ X
```

LORNA G. SCHOFIELD, District Judge:

Plaintiff Yovanny Dominguez brings this putative class action for declaratory and injunctive relief against Defendant Taco Bell Corporation, alleging that Defendant violated Title III of the Americans with Disabilities Act ("ADA"), the New York State Human Rights Law, and the New York City Human Rights Law. Defendant moves to dismiss the First Amended Complaint ("FAC") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons below, the motion is granted.

I.   BACKGROUND

The facts are drawn from the First Amended Complaint and construed in the light most favorable to Plaintiff as the non-moving party. *Hu v. City of New York*, 927 F.3d 81, 88 (2d Cir. 2019). Plaintiff resides in the Bronx, New York. He is legally blind and proficient in reading braille, which is a tactile writing system. Defendant operates restaurants and is one of the largest restaurant chains in the world.

On October 26, 2019, Plaintiff telephoned Defendant's customer service to purchase a store gift card. Plaintiff asked whether Defendant sells gift cards that contain braille and was informed by an employee that Taco Bell does not. During the call, the employee did not offer

Plaintiff any alternative auxiliary aids or services to help him use Defendant's gift cards. Defendant does not offer braille gift cards or auxiliary aids for its gift cards. Without auxiliary aids for Taco Bell's gift cards, Plaintiff cannot ascertain important gift card information, such as the balance, the card's terms and conditions or its unique identification number. Plaintiff also cannot, without auxiliary aids, distinguish between Defendant's gift cards and those of other stores. Plaintiff states that he has been a Taco Bell customer "on prior occasions and intends to immediately purchase at least one store gift card from Defendant as soon as the Defendant sells store gift cards that are accessible to the blind."

Plaintiff requests a preliminary and permanent injunction to prohibit Defendant from violating the disability laws and require Defendant "to take all the steps necessary to make its store gift cards into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that the store gift cards are readily accessible to and usable by blind individuals." He seeks a declaratory judgment that Defendant's gift cards "contain access barriers denying blind customers full and equal access to the goods, services and facilities of its store gift cards and by extension its physical locations . . . and fails to comply" with the applicable laws. He also requests punitive and compensatory damages, costs and reasonable attorneys' fees.

## II.  STANDARD

"A district court properly dismisses an action under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction if the court lacks the statutory or constitutional power to adjudicate it," including when a "plaintiff lacks constitutional standing to bring the action." *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.A.R.L.*, 790 F.3d 411, 416-17 (2d Cir. 2015) (internal citation omitted). "The plaintiff bears the burden of alleging facts that affirmatively and

2

plausibly suggest that [he] has standing." *Id*. at 417 (internal quotation marks omitted); *accord Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016). "[A]t the pleading stage, all facts averred by the plaintiff[] must be taken as true for purposes of the standing inquiry." *Lerman v. Bd. of Elections in City of New York*, 232 F.3d 135, 142 (2d Cir. 2000); *accord Vullo v. Office of Comptroller of Currency*, 378 F. Supp. 3d 271, 282 (S.D.N.Y. 2019) ("In evaluating a plaintiff's showing of standing, a court must accept as true all material facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor."). The Court must first determine whether it has subject matter jurisdiction before considering the sufficiency of the complaint. *See Carver v. Nassau Cty. Interim Fin. Auth.*, 730 F.3d 150, 156 (2d Cir. 2013).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge[]" claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. "To survive dismissal, the plaintiff must provide the grounds upon which his claims rest through factual allegations sufficient to raise a right to relief above the speculative level." *Lanier v. Bats Exch., Inc.*, 838 F.3d 139, 150 (2d Cir. 2016). On a 12(b)(6) motion, all inferences are drawn in Plaintiff's favor. *Apotex Inc. v. Acorda Therapeutics, Inc.*, 823 F.3d 51, 59 (2d Cir. 2016).

### III.     DISCUSSION

#### A.     Standing

The doctrine of standing identifies the "category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).  The elements of standing are "(1) a concrete and particularized injury, that (2) is fairly traceable to the challenged conduct, and (3) is likely to be redressed by a favorable decision." *Va. House of Delegates v. Bethune-Hill*, 139 S. Ct. 1945, 1950 (2019) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).  Standing to seek injunctive relief requires "'a real or immediate threat' of injury." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016) (quoting *City of L.A. v. Lyons*, 461 U.S. 95, 111-12 (1983)).  "'Article III demands that an actual controversy persist throughout all stages of litigation.'" *Bethune-Hill*, 139 S. Ct. at 1951 (quoting *Hollingsworth v. Perry*, 570 U.S. 693, 705 (2013)).

Standing to bring an ADA claim exists "where (1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' [business] to plaintiff's home, that plaintiff intended to return to the subject location." *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187-88 (2d Cir. 2013) (per curiam) (citing *Camarillo v. Carrols Corp.*, 518 F.3d 153, 158 (2d Cir. 2008) (per curiam)); *see also Dominguez v. Banana Republic, LLC*, 19 Civ. 10171, 2020 WL 1950496, at *3 (S.D.N.Y. Apr. 23, 2020) (same).

The FAC sufficiently pleads Article III standing.  The FAC satisfies the past injury requirement by alleging that Plaintiff encountered a barrier when he requested and was denied a braille gift card and was not offered any auxiliary aid.  A cognizable ADA injury occurs when a

person encounters a barrier at a public accommodation.  *Puerner v. Hudson Spine & Pain Medicine, P.C.*, No. 17 Civ. 3590, 2018 WL 4103491, at *2 (S.D.N.Y. Aug. 28, 2018); *Banana Republic, LLC*, 2020 WL 1950496, at *3.  The FAC satisfies the second standing requirement that the discriminatory treatment would continue, based on the employee's alleged statement that Taco Bell does not sell braille gift cards, *i.e.*, that Defendant is not in the practice of selling braille gift cards.  *See, e.g.*, *Banana Republic, LLC*, 2020 WL 1950496, at *3 ("Plaintiff's complaint—though lacking color—sufficiently alleges that Defendant does not plan to start selling Braille gift cards, satisfying the second element of the ADA's standing inquiry.").  Finally, the FAC sufficiently pleads Plaintiff's intent to return to Taco Bell, stating that Plaintiff has been a Taco Bell customer "on prior occasions and intends to immediately purchase at least one store gift card from Defendant as soon as the Defendant sells store gift cards that are accessible to the blind."

Taco Bell argues that the FAC explains little about Plaintiff's injury and leaves many unanswered questions about his intent to return.  However, at this initial stage -- where the FAC is presumed true and reasonable inferences are drawn in Plaintiff's favor -- the elements necessary to establish Article III standing exist, as described above.  *See Vullo*, 378 F. Supp. 3d at 282 ("In evaluating a plaintiff's showing of standing, a court must accept as true all material facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor.").

In *Dominguez v. Banana Republic, LLC*, Judge Woods held that the same plaintiff as here (Yovanny Dominguez) lacked standing, raising the same claims in a nearly identical pleading, because he failed to plead sufficient facts showing his intent to return to the defendant's clothing store.  *See Banana Republic, LLC*, 2020 WL 1950496, at *4.  Judge Woods found insufficient the allegation that plaintiff intends to immediately purchase at least one store gift card from

Defendant as soon as the Defendant sells store gift cards that are accessible to the blind, particularly where the complaint did not also allege Plaintiff's interest in "contemporary, affordable workwear" or allege that the plaintiff already owns Banana Republic clothing. *Id. Banana Republic, LLC* and this case are distinguishable because the defendants and the goods they sell are different. At this stage in the instant case, I find that the FAC's allegation of Plaintiff's intent to return to Taco Bell more plausible and therefore sufficient because of the nature of Taco Bell's business and the broader appeal and accessibility of its products as compared with Banana Republic clothing.

   **B.**  **Sufficiency of Claims**

The FAC fails to plead that Taco Bell's decision not to sell accessible gift cards violates Title III. Taco Bell's gift cards are goods that the company sells, and are not themselves places of public accommodation. Accordingly, Taco Bell has no duty to offer braille gift cards under the ADA as a matter of law. Taco Bell *is* required to ensure that its gift cards are accessible, but the FAC does not sufficiently plead that Taco Bell lacks auxiliary aids and services to do so. The FAC is therefore dismissed.

    **1. Whether Defendant's Gift Cards are Goods or Places of Public Accommodation**

To state a claim under Title III, a plaintiff must adequately allege that (1) he is disabled within the meaning of the ADA, (2) Defendant owns, leases, or operates a place of public accommodation, and (3) Defendant discriminated against Plaintiff within the meaning of the ADA. *See Roberts v. Royal Atl. Corp.*, 542 F.3d 363, 368 (2d Cir. 2008); *accord Castillo v. Hudson Theatre, LLC*, 412 F. Supp. 3d 447, 450 (S.D.N.Y. 2019). For purposes of this motion, only the third element is in dispute.

Title III of the ADA governs places of public accommodation. It guarantees that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases . . . or operates a place of public accommodation." 42 U.S.C. § 12182(a). As relevant to this dispute, the ADA defines discrimination as:

> a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods [or] services . . . to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods [or] services . . .

42 U.S.C. § 12182(b)(2)(A)(ii). A plain reading of this text requires a place of public accommodation such as Taco Bell, in certain situations, to modify its "policies, practices or procedures" so that its goods and services are available to disabled persons. The text does not require the entity to modify the goods or services it provides. *See Banana Republic, LLC*, 2020 WL 1950496, at *6 ("[A] plain reading of the text makes clear that Title III prohibits a place of public accommodation from discriminating on the basis of disability when providing *access to* whatever goods and services are ordinarily provided. . . ."); *see also Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1115 (9th Cir. 2000) ("The ordinary meaning of this language is that whatever goods or services the place provides, it cannot discriminate on the basis of disability in providing enjoyment of those goods and services. This language does not require provision of different goods or services, just nondiscriminatory enjoyment of those that are provided.").

Even if the statute were ambiguous, the relevant regulation confirms that an entity is not required "to alter its inventory to include accessible or special goods that are designed for, or facilitate use by, individuals with disabilities." 28 C.F.R. § 36.307(a); *see generally Mary Jo C.*

7

*v. New York State & Loc. Ret. Sys.*, 707 F.3d 144, 171 (2d Cir. 2013) (noting that, in an ADA action, "before deferring to an agency's regulations, a court must first employ traditional tools of statutory construction to determine whether Congress has expressed its intent unambiguously on the question before the court" (internal quotation marks omitted)).  The Department of Justice commentary on this regulation also expressly states that the ADA's purpose "is to ensure accessibility to the goods offered by a public accommodation, not to alter the nature or mix of goods that the public accommodation has typically provided." 28 C.F.R. Pt. 36, App. C § 36.307.

Plaintiff's discrimination claim fails because Taco Bell's gift cards are goods -- inventory that Taco Bell sells.  Defendant therefore has no duty under the ADA to modify its gift cards and provide them in braille.  The ADA does not define "goods."  Its regulations strongly suggest, however, that "goods" are the products that make up the entity's inventory.  *See, e.g.,* 28 C.F.R. § 36.307(a) (stating that an entity is not required "to alter its *inventory* to include accessible or special *goods*" (emphasis added)).  Defining goods as the products that are part of a company's inventory and that the company sells is also the "ordinary, contemporary, common meaning" of goods.  *See Sandifer v. U.S. Steel Corp.*, 571 U.S. 220, 227 (2014).

The allegations in the FAC are consistent with the conclusion that Taco Bell gift cards are items of inventory offered for sale.  The FAC states that Defendant develops, markets and sells gift cards; that Plaintiff intends to purchase a gift card from Taco Bell; and that there is a profitable "store gift card market."  One might say the same about any other kind of goods offered for sale. [1]

---

[1] Plaintiff at times seems to argue that Taco Bell's gift cards are a service.  This is incorrect.  But even if it were not, the outcome would be the same as the ADA does not require places of public accommodation to modify the services they offer; the ADA requires only modifications to make

Plaintiff seems to argue that, even if Taco Bell gift cards are goods, they are also a place of public accommodation.  This is a stretch even under the ADA's lenient standard.  "As a remedial statute, the ADA must be broadly construed to effectuate its purpose of providing a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities."  *Mary Jo C.*, 707 F.3d at 160 (internal quotation marks omitted).  Nevertheless, a Taco Bell gift card is not a place of public accommodation.

The ADA "enumerates 12 categories of 'private entities' that 'are considered public accommodations.'"  *Lopez v. Jet Blue Airways*, 662 F.3d 593, 599 (2d Cir. 2011) (quoting 42 U.S.C. § 12181(7)(A)-(L)); *accord* Nondiscrimination on the Basis of Disability by Public Accommodations and in Commercial Facilities, 56 Fed. Reg. 35,544 (July 26, 1991) (codified at 28 C.F.R. Pt. 36) (interpreting 42 U.S.C. § 12181(7)(A)-(L)).  The list describes various types of facilities that provide goods or services, including sales or rental establishments.[2]  Nothing on the list even remotely resembles a gift card.

Gift cards are distinguishable from websites that offer goods for sale.  Some courts have found the latter to be a place of public accommodation.  *See Harty v. Nyack Motor Hotel Inc.*, No. 19 Civ. 1322, 2020 WL 1140783, at *4 (S.D.N.Y. Mar. 9, 2020) (collecting cases and stating that "a handful of district courts in the Second Circuit have interpreted . . . *Pallozzi v. Allstate*

---

the services accessible.  42 U.S.C. § 12182(b)(2)(A)(ii); *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1115 (9th Cir. 2000) (noting that the ADA "does not require provision of different goods or services, just nondiscriminatory enjoyment of those that are provided").

[2] The facilities are: (1) places of lodging, (2) establishments serving food or drink, (3) places of exhibition or entertainment, (4) places of public gathering, (5) sales or rental establishments, (6) service establishments, (7) stations used for specific public transportation, (8) places of public display or collection, (9) places of recreation, (10) places of education, (11) social service center establishments, and (12) places of exercise or recreation.  *See* Nondiscrimination on the Basis of Disability by Public Accommodations and in Commercial Facilities, 56 Fed. Reg. 35,544 (July 26, 1991) (codified at 28 C.F.R. Pt. 36) (interpreting 42 U.S.C. § 12181(7)(A)-(L)).

*Life Ins. Co*, 198 F.3d 28 (2d Cir. 1999), to imply that Title III extends to online fora offering goods and services") (internal quotation marks omitted); *see also* Ian C. Ballon, E-Commerce & Internet Law: Treatise with Forms § 48.06[4] (2d ed. 2000). These decisions state that a place of public accommodation need not be a physical space as long as it is a place where goods and services are provided. *See e.g.*, *Banana Republic, LLC*, 2020 WL 1950496, at *7; *Del-Orden v. Bonobos, Inc.*, No. 17 Civ. 2744, 2017 WL 6547902, at *9 (S.D.N.Y. Dec. 20, 2017). Unlike commercial websites, Defendant's gift cards are not places where Taco Bell provides its goods to customers. Rather, the gift cards provide one way for customers to purchase Taco Bell goods. The gift cards are accordingly not places of public accommodation.

### 2. Whether Defendant's Gift Cards Require Auxiliary Aids and Services

The FAC fails to plead sufficiently that Defendant's failure to offer an auxiliary aid or service to ensure that its gift cards are accessible violates the ADA.

The ADA defines discrimination as:

> a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good [or] service . . . or would result in an undue burden.

42 U.S.C. § 12182(b)(2)(A)(iii). The regulations clarify that auxiliary aids or services must be furnished "where necessary to ensure effective communication with individuals with disabilities." 28 C.F.R. § 36.303(c)(1). "The type of auxiliary aid or service necessary to ensure effective communication will vary in accordance with the method of communication used by the individual; the nature, length, and complexity of the communication involved; and the context in which the communication is taking place." 28 C.F.R. § 36.303(c)(1)(ii). In *Camarillo*, for example, the Second Circuit stated that "[w]hile restaurants are not necessarily required to have

on hand large print menus that [a legally blind person] would be able to read, they are required to ensure that their menu options are effectively communicated to individuals who . . . are legally blind." *Camarillo*, 518 F.3d at 157. "[T]he ultimate decision as to what measures to take rests with the public accommodation, provided that the method chosen results in effective communication." 28 C.F.R. § 36.303(c)(1)(ii).

The FAC alleges that, without an auxiliary aid or service, Plaintiff cannot ascertain important gift card information, such as the balance, the card's terms and conditions or its unique identification number. The FAC also states that without an auxiliary aid or service, Plaintiff cannot distinguish between Defendant's gift cards and those issued by other stores. Defendant does not dispute that this information is "necessary to ensure that [Plaintiff] . . . [is not] treated differently than other individuals." 42 U.S.C. § 12182(b)(2)(A)(iii).

Nevertheless, the FAC insufficiently pleads facts showing that Defendant failed to offer an auxiliary aid or service to ensure that the information on its gift cards is accessible. The FAC alleges only that Plaintiff asked whether Taco Bell sells gift cards with braille. The FAC does not allege any conversation between Plaintiff and the Taco Bell employee about the availability or unavailability of other auxiliary aids or services for the gift cards. The FAC's assertion that "[u]pon information and belief, Defendant does not offer auxiliary aids with respect to gift cards" is also insufficient because it is conclusory and unsupported by any facts. *See Ashcroft*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

    **C.    State and Local Claims and Request to Replead**

Because the only federal claim is not sufficiently pleaded, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. *See Wright v. Musanti*, 887 F.3d

577, 582 n.2 (2d Cir. 2018).  The court should "weigh various factors, such as judicial economy, convenience, fairness, and comity" in considering whether to retain supplemental jurisdiction. *Id*.  But "'in the usual case in which all federal-law claims are eliminated before trial,' the balance of factors will weigh in favor of declining to exercise supplemental jurisdiction." *TPTCC NY, Inc. v. Radiation Therapy Servs., Inc.*, 453 F. App'x 105, 107 (2d Cir. 2011) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).  Because this case is in its infancy, exercising supplemental jurisdiction over remaining claims is inappropriate.

Leave to amend should be freely given when justice so requires.  Fed. R. Civ. P. 15(a). "[W]here the plaintiff is unable to demonstrate that he would be able to amend his complaint in a manner which would survive dismissal, opportunity to replead is rightfully denied." *Hayden v. Cty. of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999).  The FAC is dismissed, but Plaintiff may seek leave to replead within 14 days of the date of this Opinion.  Plaintiff shall file a letter explaining how a Second Amended Complaint ("SAC") would state a claim consistent with this Opinion. The SAC may not replead that Taco Bell must offer braille gift cards.  The SAC may seek to plead additional facts to show that Defendant does not furnish auxiliary aids or services that ensure that the information on its gift cards is effectively communicated to blind persons. Should Plaintiff seek to replead he shall append to the letter motion a draft of the proposed SAC marked to show changes from the FAC.

**IV.   CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss is GRANTED.  Plaintiff's letter requesting to file a SAC is due on July 1, 2020.  If Plaintiff does not timely file the letter, the

Court will enter final judgment of dismissal and direct the Clerk of Court to close this case. The Clerk of Court is respectfully directed to close docket nos. 30 and 44.

Dated: June 17, 2020
     New York, New York

                                                LORNA G. SCHOFIELD
                                       UNITED STATES DISTRICT JUDGE