UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
YOVANNY DOMINGUEZ,
                              Plaintiff,

             -against-

TACO BELL CORP., et al.,
                             Defendants.
------------------------------------------------------------X

19 Civ. 10172 (LGS)

ORDER

LORNA G. SCHOFIELD, District Judge:

    WHEREAS, on June 17, 2020, Defendant's motion to dismiss for lack of Article III standing pursuant to Federal Rule of Civil Procedure 12(b)(1) was denied and Defendants' motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) was granted, and on July 6, 2020, the Clerk of Court entered judgment for Defendant.

    WHEREAS, Plaintiff appealed the dismissal, but on September 2, 2020, the Court of Appeals granted Plaintiff's request to hold the appeal in abeyance pending the court's decision in *Calcano v. Swarovski N. Am. Ltd.*, No. 20-1552. On June 2, 2022, the Court of Appeals decided *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68 (2d Cir. 2022), holding that the plaintiff there lacked standing. On the day the mandate issued, June 29, 2022, the Court of Appeals lifted Plaintiff's case out of abeyance and directed Plaintiff to inform the court by letter whether Plaintiff wished to proceed with the appeal. On July 13, 2022, Plaintiff informed the Court of Appeals that Plaintiff did not wish to proceed with the appeal and sought remand for further proceedings consistent with *Calcano*. On December 13, 2022, the Court of Appeals granted the motion to withdraw the appeal and for remand and "direct[ed] the district court to determine, in the first instance, whether any further proceedings are warranted, including vacatur of the merits-based judgments and dismissal of the actions for lack of standing in light of" *Calcano*.

WHEREAS, on December 15, 2023, this Court directed the parties to file a joint letter stating their positions on how to proceed in light of the Second Circuit's mandate.

WHEREAS, on December 21, 2022, the parties filed the required joint letter.  While neither party asked the Court to revisit its prior merits-based ruling, and Plaintiff stated that it agreed with the Court's prior ruling finding that Plaintiff had Article III standing despite *Calcano*, Plaintiff stated that, if the "Court is inclined to vacate its current decision, then Plaintiff would respectfully request this Court to do so, and dismiss this action with prejudice pursuant to Rule 41(a)(1)(A)(i), since Defendant has not answered or otherwise moved for summary judgment."

WHEREAS, the *Calcano* decision, requiring pleading of specific facts showing intent to return to support standing to seek injunctive relief, casts doubt on this Court's decision finding that Plaintiff has Article III standing here.  Plaintiff's letter confirms those doubts by arguing that the Court's decision was "in line with the Concurring Opinion" in *Calcano*, in which Judge Lohier concurred only in the judgment and disagreed with the majority's standing analysis.

WHEREAS, "[b]efore deciding any case, the Court must assure itself that the case is properly within its subject-matter jurisdiction."  *Wells Fargo Bank, Nat'l Ass'n v. 700 Milford Holdings LLC*, No. 21 Civ. 6059, 2022 WL 3020147, at *1 (S.D.N.Y. July 29, 2022) (cleaned up) (quoting *Landau v. Eisenberg*, 922 F.3d 495, 497 (2d Cir. 2019)).  If Plaintiff lacked Article III standing, then the prior merits-based dismissal was issued without jurisdiction.  It is hereby

**ORDERED** that the Order at Dkt. No. 50 and Judgment at Dkt. No. 52 are VACATED, and the case is instead DISMISSED WITH PREJUDICE pursuant to Rule 41(a)(1)(A)(i).

Dated: December 22, 2022
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

2